UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GRETA K. POSTMA and
HAROLD O. POSTMA,

Plaintiffs,

v.

THE CITY OF ORANGE CITY, IOWA, LOREN J. VELDHUIZEN, KLAY, BASTEMEYER, VELDHUIZEN, DE JONG & PALS LAW FIRM , MARY LOU VANDER WEL, TERRY L. JOHNSON, DON VANDER STOEP, GORDON ABELS, DAN DE VRIES. GLENN VOS, PAUL MUYSKENS, STAN, DE HAAN, DARYL BELTMAN, STAN VAN OTTERLOO, EARL WOUDSTRA, RYAN ACHTERHOF, DON SCHREUR, INVISION ARCHITECTURE, LARRY LESLIE, DALE PLUIM, SIOUX COUNTY, IOWA, JIM R. SCHWIESOW, DEL WALLINGA, ROBERT HAGEY, MARK SCHOUTEN, PHYLLIS E. KROON, MERLYN D. VANDER BROEK, KENT WIRTH, LEESA J. MCNEIL, JAMES D. SCOTT, RICHARD J. VIPOND, THIRD JUDICIAL DISTRICT OF THE STATE OF IOPWA, CHIPPEWA COUNTY, MINNESOTA, MIKE DANN, D. HODGE, CLARA CITY, MINNESOTA, RALPH BRADLEY, STEVE EKDOM, ROGER LANGSTRAAT, GARY E. WENILL and DALE MCKINNEY,

Defendants.

Civil No. 00-1562 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiffs' pro se "Application[s] To Proceed Without Prepayment of Fees," (Docket Nos. 3 and 4), by which they are seeking permission to proceed in forma pauperis, ("IFP"), as

FILED JUL 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiffs' IFP applications be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

In the instant case, the substantive allegations set forth in Plaintiffs' complaint, repeated in their entirety, are as follows:

> "2. The Defendants are individuals and government entities located in Iowa and Minnesota respectively who have for the past several years have and are continuing to violate her [i.e., Plaintiff Greta K. Postma's] civil rights under color or [sic] state law by repeated harassment, stalking, threats, extortion, violence, the threat of violence.
>
> 3. This is being done in order to confiscate the property of the Plaintiffs and to obstruct justice with respect to the crimes committed by these Defendants in connection with the fraud and theft involving millions of dollars of the John D. Morken Cattle Adventure fraud, the Renville County

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiffs have not made "any rational argument in law or fact entitling [them] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

> Coop Credit Unition insolvency, etc. as well as other crimes committed by these defendants.
>
> 4. That pursuant to 42 U.S.C. 1983 these Plaintiffs are entitled to damages in an amount sufficient to compensate for their losses, emotional distress and damages arising from the terroristic activities of these Defendants."

It is evident from the last of the above-quoted paragraphs that Plaintiffs are attempting to state a claim for relief under 42 U.S.C. § 1983. To state an actionable claim under that statute, however, a complaint must describe specific historical events or occurrences, and specific acts or omissions by the individual defendants, which support the legal conclusion that the defendants violated the plaintiff's constitutional rights. Conclusory allegations will not suffice. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added). Moreover, the complaint must "allege facts" showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).

Even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiffs' current pleading does not state any actionable claim for relief under § 1983, because it does not include

any factual allegations describing any specific historical events, or any specific acts or omissions attributable to any of the individual Defendants. The complaint does not describe anything that any of the individual Defendants did or failed to do that allegedly violated Plaintiffs' federal constitutional rights. In fact, not one of the forty or so Defendants listed in the caption of the complaint is even mentioned anywhere in the body of the pleading. The vague and conclusory accusations in Plaintiff's complaint, asserted against all of the various Defendants indiscriminately, are simply not sufficient to state an actionable claim for relief. Ellis, supra.

Because Plaintiffs' complaint does not include factual allegations that would support any actionable § 1983 claim against any of the named Defendants, their IFP applications must be denied, and their action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' respective "Application to Proceed Without Prepayment of Fees," (Docket Nos. 3 and 4), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: 7/5, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.