**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Greta K. Postma and Harold O. Postma,

Plaintiffs,

v.

Loren J. Veldhuizen; Klay, Vendhuizen, et al. Law Firm, sued as Klay, Bastemeyer, Veldhuizen, De Jong & Pals Law Firm; Mary Lou Vander Wel; Terry L. Johnson; Don Vander Stoep; Gordon Abels; Dan De Vries; Glenn Vos; Paul Muyskens; Stan De Haan; Daryl Beltman; Stan Van Otterloo; Earl Woudstra; Ryan Achterhof; Don Schreur; Invision Architecture; Larry Leslie; Dale Pluim; Sioux County, Iowa; Jim R. Schwiesow; Del Wallinga; Robert Hagey; Mark Schouten; Phyllis E. Kroon; Merlyn D. Vander Broek; Ken Wirth; Leesa J. McNeil; James D. Scott; Richard J. Vipond; The State of Iowa Third Judicial District; County of Chippewa, MN; Mike Dann; D. Hodge; Clara City, MN; Ralph Bradley; Steve Ekdom; Roger Langstraat; Gary E. Wenell; and Dale McKinney,

Defendants.

Civil No. 00-1562 (DWF/AJB)

**ORDER**

---

Greta K. Postma and Harold O. Postma, Pro Se, P.O. Box 531, Clara City, MN 56222, Plaintiffs.

---

This matter is before the Court upon Plaintiffs' objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 5, 2000, recommending that Plaintiffs' respective "Application to Proceed Without Prepayment of Fees" (Doc. Nos. 3 and 4) be denied and that the

FILED JUL 31 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD JUL 31 2000
DEPUTY CLERK

action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record and the Court having reviewed the submissions of the Plaintiffs and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Boylan's Report and Recommendation dated July 5, 2000 (Doc. No. 5), is **ADOPTED**.

2. Plaintiffs' respective applications to proceed without prepayment of fees (Doc. Nos. 3 and 4) are **DENIED**.

3. Plaintiffs' action is summarily **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 31, 2000

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Because the Court has summarily dismissed this matter without prejudice, the Plaintiffs still have the option of starting a new action. However, if Plaintiffs chose to start a new action, they will be obligated to cure the defects identified in the Report and Recommendation. In other words, it will be necessary for the Plaintiffs to file a complaint describing: (a) what each individual defendant allegedly did or failed to do; and (b) how each defendant's alleged acts or omissions purportedly violated their federal constitutional rights.

Moreover, the Court would note that the Plaintiffs do not have a legal right to appointed counsel, but if they are able to plea a colorable claim in a future action, the Court sometimes refers a pro se plaintiff or defendant to the Volunteer Lawyers Network. Relatedly, the Court would urge the Plaintiffs to seek legal assistance--from the Volunteer Lawyers Network, or elsewhere--before filing a new action. The Court deems a formal Volunteer Lawyers Network referral at this time inappropriate because the Court has dismissed the matter.

Of course, separate from the Court's observations, if Plaintiffs have any questions about their procedural or constitutional rights, they should consult a lawyer.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 31 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995